GRIFFIN, J.
Albert L. James [“James”] appeals the denial of his motion for correction of jail credits as untimely. We reverse.
On November 19, 1990, James pled guilty to robbery with a deadly weapon and kidnapping. Appellant was sentenced to life as a habitual felony offender. James appealed the convictions and sentence. The court per curiam affirmed. James v. State, 583 So.2d 436 (Fla. 5th DCA 1991).
On October 31, 2013, James filed a Florida Rule of Criminal Procedure 3.801 motion for correction of jail credit, alleging that he did not receive jail credit for the seventeen days in which he was not released from the Orange County jail due to a detainer from Brevard County. On November 5, 2013, the trial court dismissed James’ motion as untimely because Florida Rule of Criminal Procedure 3.801(b) provides: “No motion shall be filed or considered pursuant to this rule if filed more than 1 year after the sentence becomes final.” Because James’ sentence became final in 1991, the trial court found the motion untimely. However, Rule 3.801(b) was later amended to include an exception: “For sentences imposed prior to July 1, 2013, a motion under this rule may be filed on or before July 1, 2014.”
The State concedes that because James’ sentence was imposed prior to July 1, 2013, his October 31, 2013 motion was timely and that the jail credit issue should be remanded for the trial court to determine on the merits. See Reidy v. State, 136 So.3d 1245, 39 Fla. L. Weekly D816 (Fla. 5th DCA Apr. 17, 2014).
REVERSED and REMANDED.
SAWAYA and EVANDER, JJ„ concur.